[Cite as *State v. Lemoine*, 2020-Ohio-190.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 108345 |
| v. | : | |
| SEAN LEMOINE, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634214-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ronni Ducoff, Assistant Prosecuting Attorney, *for appellee.*

Jennifer McTernan, *for appellant.*

LARRY A. JONES, SR., J.:

**{¶ 1}** Defendant-appellant Sean Lemoine ("Lemoine") appeals from the trial court's February 28, 2019 judgment of conviction, which set forth his conviction, after a plea, on one count of disseminating matter harmful to juveniles, sentenced him to an 18-month prison term, and advised him of postrelease control.

In his sole assignment of error, Lemoine contends that his plea was not knowingly, intelligently, and voluntarily made. For the reasons set forth below, we affirm his conviction.

{¶ 2} In November 2018, Lemoine was charged with one count each of disseminating matter harmful to juveniles and public indecency. In February 2019, after plea negotiations with the state, Lemoine pleaded guilty to the disseminating charge in exchange for the dismissal of the public indecency charge. As mentioned, in February 2019, he was sentenced to an 18-month prison term.

{¶ 3} In contending that his plea was not knowing, intelligent, and voluntary, Lemoine focuses on discussions at the plea hearing about whether a disseminating conviction would trigger the sex offender registration requirements. The conviction did not require Lemoine to register as a sex offender, and the trial court did not impose a registration requirement on him.[1]

{¶ 4} Nonetheless, Lemoine contends that "[e]ven if the attorneys in the room understood that a reporting requirement could not actually be imposed at the subsequent sentencing and even though ultimately no registration was imposed as part of the sentence, a lay person such as the defendant would have been reasonably confused by such statements." According to Lemoine, it was "very reasonable to infer that [he] might reasonably believe that the trial court was impliedly threatening the possibility of reporting requirements if he was found guilty after

---

[1]*See, e.g., State v. Jones*, 2d Dist. Clark No. 98-CA-42, 2000 Ohio App. LEXIS 632, 1-2 (Feb. 25, 2000) (finding that disseminating matter harmful to juveniles is not a sexually oriented offense under R.C. 2950.01).

choosing to exercise his right to take the case to trial rather than entering the plea that day." Lemoine seeks to have his plea vacated based on this "confusion" and "inference of an implied threat."

{¶ 5} Initially, we note that Lemoine did not file a motion to withdraw his plea in the trial court; his first challenge to the plea is here on appeal. This court has consistently held that the failure to file a Crim.R. 32.1 motion to withdraw a plea or otherwise challenge a guilty plea at the trial-court level constitutes a waiver of the issue on appeal. *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458, 7 (Nov. 18, 1999); *State v. Betances*, 8th Dist. Cuyahoga No. 70786, 1997 Ohio App. LEXIS 3011, 4 (July 10, 1997), citing *State v. Stokes*, 8th Dist. Cuyahoga No. 69032, 1996 Ohio App. LEXIS 856, 4 (Mar. 7, 1996); *see also State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

{¶ 6} Notwithstanding Lemoine's failure to properly preserve the issue, we will review this case for plain errors or defects affecting substantial rights under Crim.R. 52(B). *Carmon* at 8. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. *State v. Sanders*, 92 Ohio St.3d 245, 257, 750 N.E.2d 90 (2001). The Ohio Supreme Court has admonished courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

**{¶ 7}** Crim.R. 11(C)(2) requires a trial court to inform a felony defendant of certain constitutional and nonconstitutional rights before it may accept a plea. The purpose of Crim.R. 11(C) is to convey to the defendant certain information so that he or she can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

**{¶ 8}** The standard for appellate courts reviewing whether a criminal defendant voluntarily entered a guilty plea is strict compliance for constitutional rights and substantial compliance for nonconstitutional rights. *State v. Scruggs*, 8th Dist. Cuyahoga No. 83863, 2004-Ohio-3732. Pursuant to Crim.R. 11(C)(2), the court shall not accept a guilty plea without addressing the defendant and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 9}** A review of the transcript demonstrates that the trial court strictly complied in informing Lemoine of his constitutional rights and substantially

complied in informing him of his nonconstitutional rights. The trial court's dialogue with Lemoine was thorough and, by all indications, Lemoine understood the implications of his plea and the rights he was waiving. In an abundance of caution, the trial court advised Lemoine about the possibility of a sex offender registration requirement:

> I'm going to inquire or have the State and your attorney make certain that this is not going to be a reporting offense; that is to say, a charge that would require you to report as a registered sexual offender. I will tell you it strikes me that it should be, but right now I'm being told that it's not. But in any event, that's an issue that we'll take up in greater detail at the time of sentencing. But I want you to understand that this plea may result in that. Do you understand that?

{¶ 10} Lemoine contends that the advisement created confusion — in that the assistant prosecuting attorney and defense counsel had already informed the court they did not believe the plea would trigger reporting requirements — and induced the plea. We are not persuaded. By their nature, plea colloquies inform a defendant of possibilities attendant to his or her plea, so that the defendant will have "certain information so that he or she can make a voluntary and intelligent decision whether to plead guilty." *Ballard*, 66 Ohio St.2d at 479-480, 423 N.E.2d 115. Trial courts advise a defendant about all kinds of possibilities that could result from a plea, including, for example, the maximum sentence he or she could receive, the maximum fine that could be imposed, the loss of a license, or deportation. "Plea bargains are the result of complex negotiations suffused with uncertainty, and

defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 U.S. 115, 124, 131 S.Ct. 733, 178 L.Ed.2d 648 (2011).

{¶ 11} What is even less convincing about Lemoine's contention that the advisement was confusing is that the reporting requirement was not imposed. That is, he suffered no prejudice and has wholly failed to demonstrate that without the advisement he would not have pled. On this record, we are left to conclude that Lemoine merely had a change of heart about his plea. It is well established, however, that a mere change of heart is an insufficient basis for withdrawing a guilty plea. *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 30; *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 23; *State v. Barrett*, 8th Dist. Cuyahoga No. 100047, 2014-Ohio-1234, ¶ 9. There was no error, plain or otherwise, with the plea.

{¶ 12} The sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR