[Cite as *State v. Ferguson*, 2020-Ohio-5578.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-031** |
| DONNELL FERGUSON, II, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2019 CR 000551.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*R. Brian Moriarty*, 55 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Donnell Ferguson, II, appeals from the November 27, 2019 sentencing entry of the Lake County Court of Common Pleas, following appellant's plea of guilty to four criminal offenses. The judgment is affirmed.

{¶2} The facts of this case, as recited by the state of Ohio and agreed to by appellant, are as follows:

> [O]n May 12, 2019, at about three o'clock in the morning, Willoughby police observed a vehicle driving westbound in the

eastbound lanes on State Route 2, from Vine Street exit, but the police were unable to catch up to the vehicle. However, they were able to alert other police agencies in the area. All the Western Lake County police agencies, Wickliffe, Willowick, Eastlake and Willoughby Hills, attempted to locate and stop the vehicle, but were unable to.

At 3:13 a.m., officers received several 9-1-1 calls of a fatal motor vehicle accident on the high bridge of 1-271 North exit to 1-90 West in Willoughby Hills, Lake County, Ohio, which is a two-lane one-way exit ramp.

Willoughby Hills police arrived and observed the victim's white Mazda CX-5 on top of the guardrail, hanging over the edge of the bridge, and the defendant's grey Nissan Altima. Both cars have major front-end damage. The defendant is the sole occupant of the Nissan. He was unconscious and laying across the front seat of his vehicle. The Mazda had five occupants. They were all related. They were traveling from Maple Heights to Euclid. The driver was Lisa Lane, fifty-six years old. The front seat passenger was Skye Brown, thirty-two years old, and in the back seat was Carmen Norris, thirty-six, [and two minors, 13 and 9 years of age], all in the back seat.

The Mazda had to be secured before anyone could be removed for fear that the car was going to fall off the bridge and down the hill. Skye Brown had fatal injuries and was pronounced dead at the scene by the Lake County Coroner's Office. All others were taken to Hillcrest Hospital, and the two children were taken to Rainbow Babies & Children's Hospital.

An accident investigation was conducted by Officer Anderson and a crash reconstructionist from the Mentor Police Department, as well as Introtech. The investigations revealed that the Nissan operated by the defendant traveled the wrong way up the ramp and bridge and hit the victim's Mazda vehicle head-on. Both were traveling about fifty-five miles per hour on impact. * * *.

The investigation reveals that the defendant traveled in the wrong direction for approximately 5.5 miles before causing the accident. He did pass multiple signs stating "one way, do not enter," and "wrong way." There was virtually no way for the victims' vehicle to avoid being struck head-on.

The defendant was also transported to Hillcrest Hospital and officers obtained a search warrant from a Cuyahoga County judge

for a blood sample. It was drawn at 9:56 in the morning, about six and a half hours after the motor vehicle accident, and was determined to be 0.071 BAC. Doug Rhode at the Lake County Crime Lab did a backwards extrapolation and determined that the defendant's BAC at the time of the accident would have been between 0.160 to 0.2 BAC. The defendant did not make a statement to the police.

The victims suffered several injuries. Lisa Lane, the driver, suffered a laceration to her left knee, rib fractures, pulmonary lacerations, pubic bone fractures, and a collapsed lung. She was in a wheelchair, and she now walks with a cane. She has large scars on her body.

* * * Ms. Brown was deceased upon officers' arrival. Carmen Norris, in the rear seat, suffered a laceration, which resulted in a two- to three-inch scar on her forehead, a wrist fracture, a femur fracture, and several facial fractures, and the children had no significant injuries; however, [the 9 year old] did suffer a concussion.

{¶3} The state of Ohio charged appellant with four counts by way of information: Count One, Aggravated Vehicular Homicide (F2) in violation of R.C. 2903.06(A)(1)(a); Counts Two and Three, Aggravated Vehicular Assault (F3) in violation of R.C. 2903.08(A)(1)(a); and Count Four, Operating a Vehicle under the Influence of Alcohol (M1) in violation of R.C. 4511.19(A)(1)(a).

{¶4} Appellant pled guilty to all four counts on October 29, 2019, thereby waiving a grand jury presentment.

{¶5} A sentencing hearing was held November 26, 2019. The trial court sentenced appellant to a minimum prison term of 8 years for Count One; 5 years for Count Two; 5 years for Count Three; and 180 days for Count Four. Counts Two, Three, and Four were run concurrent to each other and consecutive to Count One, for a total minimum prison term of 13 years. Appellant faces a potential maximum prison term of 17 years pursuant to The Reagan Tokes Act.

{¶6} Appellant raises three assignments of error for our review, which we consider out of numerical order:

[1.] The trial court failed to comply with the mandates of Criminal Rule 11 in that Defendant-appellant's plea was not knowingly, intelligently and voluntarily made.

[2.] As amended by the Reagan Tokes Act, the Ohio Revised Code's sentences for first and second degree qualifying felonies violates Crim.R. 11 and the Constitutions of the United States and the State of Ohio.

[3.] Defendant-Appellant was prejudiced by the ineffective assistance of counsel.

{¶7} The issue raised under appellant's second assignment of error is whether the Reagan Tokes Act, specifically R.C. 2967.271, is unconstitutional in that it delegates to prison officials the fact finding necessary to impose an additional time of incarceration, thereby violating due process rights as guaranteed by Ohio Criminal Rule 11, the Ohio Constitution, and the Federal Constitution.

{¶8} The Reagan Tokes Act went into effect in Ohio on March 22, 2019. The Act requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). The Act also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections ("DRC") may

4

rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶9} Appellant's prison term falls within the sentencing category of R.C. 2929.144(B)(2). That provision specifies that, where an offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and some or all of the prison terms imposed are to be served consecutively, the maximum prison term shall be equal to the sum of the consecutive minimum and definite terms, plus 50 percent of the longest minimum or definite term for the most serious felony being sentenced. Here, the trial court sentenced appellant to 8 years for his most serious qualifying felony (felony-two aggravated vehicular homicide) to run consecutive to 5 concurrent years for the remaining three offenses. Thus, under the circumstances of this case, appellant faces a maximum term of 13 years plus 50 percent of the 8-year term, or a total of 17 years.

{¶10} It is a well-established rule that "'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus; *see also State v. Cargile*, 123 Ohio St.3d 343, 2009-Ohio-4939, ¶15, citing

*Awan* at the syllabus. In other words, "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Id*. (citation omitted).

{¶11} The doctrine set forth in *Awan*, however, is discretionary. Even where the failure to object is clear, constitutional challenges to the application of statutes may be heard for the first time on appeal, if the court exercises its discretion to do so, "in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus; *see also State v. Weaver*, 11th Dist. Trumbull No. 2013-T-0066, 2014-Ohio-1371, ¶12 (noting that several appellate districts have reviewed constitutionality issues under a plain error standard despite a clear failure to raise those issues below).

{¶12} Further, this court must presume the constitutionality of a statute. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, ¶4. As such, legislation "will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." *Arnold v. Cleveland*, 67 Ohio St.3d 35, 39 (1993) (citations omitted).

{¶13} In this matter, appellant did not object to the constitutionality of the Reagan Tokes Act before the trial court. Appellant, however, does not assert that the trial court's application of the sentencing statute amounts to plain error and, in light of the presumption of constitutionality, we decline to exercise our discretion to address the constitutional challenge for the first time on appeal. *See* App.R. 16(A)(7) (requiring briefs to have "[a]n argument containing the contentions of the appellant with respect to each assignment of error * * * with citations to the authorities * * * on which appellant relies"); *see also State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶40

6

and *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶15-19 (appellate court declined to address constitutionality of Reagan Tokes Act where appellant did not object below and did not argue plain error on appeal); *In re J.A.*, 9th Dist. Lorain No. 15CA010794, 2016-Ohio-871, ¶4-5 (appellate court declined to advance a plain-error argument on behalf of an appellant challenging constitutional issue on appeal for the first time).

{¶14} Appellant's second assignment of error is accordingly without merit.

{¶15} As his first assignment of error, appellant contends the trial court failed to comply with the mandates of Criminal Rule 11 in that his guilty plea was not knowingly, intelligently, and voluntarily made.

{¶16} Pursuant to Criminal Rule 11(C)(2), in felony cases, the court "shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶17} Specifically, appellant complains that the trial court failed to properly advise him of the consequences of the Reagan Tokes Act and failed to inform him that he was subjected to a mandatory prison term.

{¶18} Appellant did not file a motion to withdraw his plea pursuant to Crim.R. 32.1 or otherwise raise this challenge before the trial court. Again, the general rule is that a reviewing court will not consider on appeal "'any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *Awan*, *supra*, at 122 quoting *Childs*, *supra*, at paragraph three of the syllabus. Nevertheless, failure to preserve an objection must be treated as forfeiture, not waiver, and forfeiture does not extinguish a claim of plain error under Crim.R. 52(B). *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶23; Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Accordingly, because appellant challenges the trial court's compliance with Crim.R. 11(C) for the first time on appeal, he has forfeited all but plain error review. *See, e.g., State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶10-11; *State v. Dundics*, 11th Dist. Trumbull No. 2015-T-0047, 2016-Ohio-1368, ¶19; *State v. Lemoine*, 8th Dist. Cuyahoga No. 108345, 2020-Ohio-190, ¶5 (collecting cases); and *State v. Kovacek*, 9th Dist. Lorain No. 00CA007713, 2001 WL 577664, *3 (May 30, 2001).

{¶19} "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "In

8

*State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), the Supreme Court of Ohio set forth strict limitations on what constitutes plain error. First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain, i.e., the error must be an 'obvious' defect in the proceedings. Third, the error must have affected 'substantial rights.' This means that the trial court's error must have affected the outcome of the trial or prejudiced the defendant." *Dundics*, *supra*, at ¶19. "The test for prejudice in the context of a guilty or no contest plea is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12 (citation omitted).

{¶20} At the plea hearing, the trial court engaged in a lengthy colloquy with appellant, explaining the constitutional rights he was waiving and, multiple times, the sentences to which he would be subjected by pleading guilty to the information.

{¶21} Before accepting appellant's guilty plea, the judge again advised appellant that prison is mandatory for Count One, aggravated vehicular homicide, and for Counts Two and Three, aggravated vehicular assault. The judge also verified, again, that appellant understood he would receive an indefinite sentence for Count One; both a minimum and a maximum term; that the range for the minimum term is two to eight years; and the maximum term is the minimum imposed plus 50 percent of that term. The judge specifically advised that, "if I pick eight years, your minimum term would be eight, your maximum would be twelve." The judge also outlined the sentencing range for the remaining counts and further advised: "Despite there being definite sentences on counts two, three and four, because count one is a qualifying felony, I must still impose an indefinite sentence. * * * So you'll receive a minimum for each, and then a maximum

term.  The maximum term doesn't really go to any count.  You'll just receive a minimum term for each and one maximum term."

{¶22}  Finally, the judge explained that the DRC, and not the court, would hold a hearing to determine whether appellant would be released on his presumptive release date or held longer up to the maximum term, based on his conduct while in prison.  The court stated: "I didn't make up this law, and it's complicated, and it's hard to explain.  The Legislature made the law.  There are some errors in it.  They are working on some corrections to it.  But I don't make the law.  I have to enforce it as it is written."

{¶23}  Appellant responded that he understood all these advisements and also affirmatively acknowledged the difference between concurrent and consecutive prison terms and that the longest minimum term he faced was 18.5 years, with the longest maximum term at 22.5 years.

{¶24}  The trial court did not fail to comply with the mandates of Criminal Rule 11, and the advisements the trial court gave appellant more than sufficiently explained the consequences of his plea with regard to sentencing under the Reagan Tokes Act and other sentencing statutes.  Accordingly, appellant has not demonstrated plain error with respect to the trial court accepting his guilty plea.

{¶25}  Appellant's first assignment of error is without merit.

{¶26}  Under his third assignment of error, appellant argues he was prejudiced by the ineffective assistance of trial counsel.

{¶27}  In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's

10

performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142. If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient. *Id.* at 143, citing *Strickland*, *supra*, at 697.

{¶28} In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at paragraph three of the syllabus. In the context of a conviction based on a guilty plea, an appellant must demonstrate that but for trial counsel's alleged errors, there is a reasonable probability appellant would not have pleaded guilty. *State v. Erich*, 11th Dist. Ashtabula No. 2016-A-0056, 2017-Ohio-8528, ¶17, citing *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland*, *supra*, at 687 and *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

{¶29} Appellant contends his trial counsel was ineffective for the following reasons: (1) counsel instructed appellant to plead guilty to all counts by way of information without a reduction in sentence or an agreed sentencing proposal; (2) counsel failed to inform appellant that he was pleading guilty to offenses requiring a mandatory sentence; (3) counsel failed to challenge the state's extrapolation evidence of appellant's blood alcohol content ("BAC") at the time of the incident, when the sample was taken approximately seven hours after the incident; and (4) counsel failed to challenge the constitutionality of the Reagan Tokes Act.

11

{¶30} With regard to the first two reasons, appellant has not established prejudice. The transcript of the plea hearing evidences that appellant was lengthily advised by the trial court of the consequences of waiving jury presentment and pleading guilty to the charges in the information and that he was pleading guilty to offenses that carry mandatory prison terms. Appellant does not argue that he would not have pled guilty had he received different advice from counsel; rather, he argues he might not have faced mandatory prison time. This argument is speculative, at best, and is not supported by anything in the record. In addition, there is nothing in the record to indicate what advice appellant did or did not receive from counsel prior to entering his guilty plea and, therefore, cannot be reviewed on direct appeal.

{¶31} Appellant next contends trial counsel should have informed him that his BAC reading was inadmissible and that, if successfully challenged, he would not face mandatory prison time. Again, this argument is speculative and unsupported. There is nothing in the record to indicate what advice appellant received on this matter. Further, it is not a foregone conclusion that his BAC reading was inadmissible. In failing to establish this argument on appeal, appellant cannot demonstrate that counsel was deficient with regard to the BAC reading. *See, e.g., State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449; *State v. Lennox*, 11th Dist. Lake No. 2010-L-104, 2011-Ohio-5103 (where evidence of reversely extrapolated BAC results was admissible and supported with expert testimony).

{¶32} Finally, counsel was not deficient for failing to challenge the constitutionality of the Reagan Tokes Act. Statutes are presumed constitutional, and the Reagan Tokes Act has been found either constitutional by other appellate courts or

not yet ripe for review. *See, e.g., State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048; and *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 (holding the Act does not violate an offender's due process rights and/or the separation of powers doctrine); *compare State v. Velliquette,* 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855 and *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227 (holding the issue is not ripe for review until a prisoner's sentence is extended beyond the presumed minimum term).

{¶33} Further, this argument goes to the length of the sentence appellant received, which he does not challenge herein. Appellant attempts to tie his argument to his guilty plea by stating the court cannot comply with Criminal Rule 11 in that the law "makes it impossible for the Court to inform the defendant of the maximum sentence." As outlined above, however, the trial court did advise appellant of his possible maximum sentence at the plea hearing.

{¶34} Appellant's third assignment of error is without merit.

{¶35} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.