[Cite as *State v. Moran*, 2021-Ohio-1987.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

JOEY L. MORAN,

      Defendant-Appellant.

CASE NOS. 2020-L-114
             2020-L-115
             2020-L-116
             2020-L-117

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2019 CR 001299
                 2019 CR 001300
                 2019 CR 001301
                 2019 CR 001302

**O P I N I O N**

Decided: June 14, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Joey L. Moran, appeals from the judgments of conviction in four cases.  We affirm.

{¶2} These cases stem from Moran's theft of several motor vehicles, tools, equipment, and vehicle parts, his burglary of a residence, his escape from jail, and his theft of a police cruiser. Moran was indicted on an aggregate of 13 counts in four cases relative to these offenses.

{¶3} Pursuant to plea agreements reached in each case, Moran entered guilty pleas to four counts of grand theft of a motor vehicle and one count of grand theft, in violation of R.C. 2913.02(A)(1), one count of burglary, in violation of R.C. 2911.12(A)(1), and attempted escape as a lesser included offense of an indicted count of escape, in violation of R.C. 2921.34(A)(1) and 2923.02. The trial court accepted Moran's pleas, ordered a presentence report, a drug and alcohol evaluation, and victim impact statements, and set the matter for sentencing.

{¶4} Thereafter, Moran moved the trial court to find the Reagan Tokes Act, applicable to sentencing on the burglary count, unconstitutional. At sentencing, the trial court denied Moran's motion. It then sentenced Moran to 14 months in prison on each of two grand theft of a motor vehicle counts in the first case, to be served concurrently; four to six years in prison on the burglary count in the second case; 14 months in prison on each of the grand theft and grand theft of a motor vehicle counts in the third case, to be served concurrently; and 14 months in prison on each of the grand theft of a motor vehicle and attempted escape counts in the fourth case, to be served concurrently. The court ordered the sentences in each separate case run consecutively, for an aggregate prison sentence of seven and one-half to nine and one-half years. The trial court entered a nolle prosequi on all other counts contained in the indictments.

{¶5}   In his first five assigned errors, which we address collectively, Moran raises challenges relative to the Reagan Tokes Act as follow:

{¶6}   "[1].   The defendant-appellant's constitu[t]ional challenges to the indeterminate prison sentence of four to six years in trial court Case No. 19 CR 001300, which was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, are ripe for review.

{¶7}   "[2.] The defendant-appellant's indeterminate prison sentence of four to six years in trial court Case No. 19 CR 001300, which was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, must be rever[s]ed as the Reagan Tokes Act is unconstitu[t]ionally void for vagueness.

{¶8}   "[3.] The defendant-appellant's indeterminate prison sentence of four to six years in trial court Case No. 19 CR 001300, which was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, must be rever[s]ed as the Reagan Tokes Act unconstitutionally violates the separation of powers.

{¶9}   "[4.] The defendant-appellant's indeterminate prison sentence of four to six years in trial court Case Number 19 CR 001300, which was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

{¶10}   "[5.] The defendant-appellant's indeterminate prison sentence of four to six years in trial court Case Number 19 CR 001300 which was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, violates his constitutional rights to fair trial and

3

due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution."

{¶11}   This court has described the relevant portions of the Reagan Tokes Act as follows:

> The Reagan Tokes Act went into effect in Ohio on March 22, 2019.  The Act requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). The Act also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier."  R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances.    R.C. 2967.271(A)(2).    The Department of Rehabilitation and Corrections ("DRC") may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply.  R.C. 2967.271(C).  If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term."  R.C. 2967.271(D)(1).

*State v. Ferguson*, 11th Dist. Lake No. 2020-L-031, 2020-Ohio-5578, ¶ 8, *appeal accepted*, 162 Ohio St.3d 1410, 2021-Ohio-961, 165 N.E.3d 333.

{¶12}   In *State v. Lavean*, 11th Dist. Lake No. 2020-L-045, 2021-Ohio-1456, we noted that "several districts have concluded that constitutional challenges to the Reagan Tokes Act on appeal from sentencing are not yet ripe for review because it is uncertain whether the offender's release date will extend past the minimum term of imprisonment imposed." *Lavean* at ¶ 8, citing *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 10-18.  In *Lavean*, we adhered to our ripeness analysis that we applied with

4

respect to "Ohio's former 'bad time' laws" and to optional postrelease control. *Lavean* at ¶ 10-11. We concluded, as have the Fourth, Fifth, and Sixth Districts, that, "as with the 'bad time' law, challenges to the Reagan Tokes Act in an appeal from sentencing are prematurely raised and should instead be raised through a habeas corpus petition if the offender is held past the minimum term." *Lavean* at ¶ 11, citing *State v. Ramey*, 4th Dist. Washington Nos. 20CA1 & 20CA2, 2020-Ohio-6733, ¶ 21, *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 12, *appeal allowed*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152, and *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, ¶ 12, *motion to certify allowed*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶13} Accordingly, we conclude that Moran's first assigned error, which argues that the challenges are ripe for review, lacks merit. We do not address the constitutional challenges to the Reagan Tokes Act raised in Moran's second through fifth assigned errors, as they are not yet ripe for review.

{¶14} In his sixth assigned error, Moran argues:

{¶15} "[6.] The trial court erred by ordering that the prison terms ordered in each case be served consecutive to each other, as the trial court's order for consecutive service was not supported by the R.C. 2929.14(C) factors, and thus, is contrary to law."

{¶16} We review consecutive sentences under R.C. 2953.08(G) and R.C. 2929.14(C)(4). R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

5

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶17} There is a statutory presumption that multiple prison terms are to be served concurrently. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

6

Case Nos. 2020-L-114, 2020-L-115, 2020-L-116, 2020-L-117

{¶18} The record indicates that Moran suffered from a serious drug addiction that fueled several theft-related offenses over less than a two-week period in late 2019. During that time, while on post-release control for a previous conviction, Moran stole a Chevrolet Cruze from an auto dealership. Thereafter, Moran stole a Cadillac Escalade, a Chrysler van, and a BMW X3, along with tools, equipment, and catalytic converters, from a transmission shop. Subsequently, Moran, without consent, entered the home of the maternal grandfather of his child. The grandfather was home sleeping at the time. When the grandfather's wife returned, she found the door ajar. She went upstairs to the bedroom, where she found Moran standing. Moran then ran from the house, absconding with some of the couple's jewelry and cash. Officers located Moran a short distance from the house and arrested him. While being held in the jail, Moran escaped by maneuvering into a different cell and then exiting through a secure door using an officer's passcode that he had observed the officer enter into the keypad the day prior. He then fled in a police cruiser.

{¶19} The trial court found the following with respect to consecutive sentences in the four cases:

> [C]onsecutive service is necessary to protect the public from future crime and punish the offender. That the consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public and that he committed the offenses in each of these cases while he was on post-release for another prior offense in this Court. And that his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender.

7

Case Nos. 2020-L-114, 2020-L-115, 2020-L-116, 2020-L-117

{¶20} Moran argues that consecutive sentences were not appropriate due to his drug addiction, the brevity of the timespan during which the offenses were committed, and his genuine remorse. However, based upon the record, we cannot say that we clearly and convincingly find that the trial court's order for consecutive service was not supported by the R.C. 2929.14(C) factors or that it was contrary to law.

{¶21} Accordingly, Moran's sixth assigned error lacks merit.

{¶22} The judgment is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.