[Cite as *State v. Joyce*, 2021-Ohio-3476.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-006 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| MICHAEL S. JOYCE, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 000849 |

## O P I N I O N

Decided: September 30, 2021
Judgment: Appeal dismissed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Rick L. Ferrara*, 2077 East 4th Street, 2nd Floor, Cleveland, OH 44115 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Michael S. Joyce, appeals the trial court's May 11, 2020 sentencing entry. As the issues raised in the appeal are not yet ripe for review, we dismiss the appeal.

{¶2} Appellant pled guilty to five offenses: Count One, attempted murder, a first-degree felony; Count Six, grand theft of a motor vehicle, a fourth-degree felony; Count Seven, aggravated robbery, a first-degree felony; Counts Eleven and Twelve, tampering with evidence, third-degree felonies. The trial court sentenced appellant as follows: an

indefinite prison term with a stated minimum term of 11 years and a maximum prison term of 16.5 years on Count One; 17 months in prison on Count Six; 9 years in prison on Count Seven; 30 months in prison on Count Eleven; and 30 months in prison on Count Twelve. Counts One and Seven are to be served consecutive to each other, while all other terms are to be served concurrently, resulting in a stated aggregate minimum term of 20 years and an aggregate maximum term of 25.5 years in prison.

{¶3} Appellant advances one assignment of error:

> The sentencing under Ohio law violated the separation of powers doctrine of the Constitutions of the State of Ohio and United States, due process of law, are void for vagueness, and conflict internally with other Ohio law.

{¶4} Appellant contends the trial court committed plain error because the Reagan Tokes Act—the indefinite sentencing scheme under which he was sentenced— is facially unconstitutional. He requests this court to declare unconstitutional those sections of the Revised Code, vacate his convictions, and remand for resentencing on a definite prison term. Appellee, the state of Ohio, responds that appellant's constitutional arguments are waived and are not ripe for review. We agree with the latter.

{¶5} "The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, [89,] 1998-Ohio-366, 694 N.E.2d 459:

> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

2

> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * *[T]he prerequisite of ripeness is a limitation on jurisdiction* that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

(Emphasis added.) *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 8, *appeal allowed*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152. *Accord State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, ¶ 8, *motion to certify allowed*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150, and *State v. Ramey*, 4th Dist. Washington Nos. 20CA1 & 20CA2, 2020-Ohio-6733, ¶ 16.

{¶6} "Further, a controversy must be ripe for review in order to be justiciable." *State v. Tingler*, 6th Dist. Erie No. E-16-026, 2016-Ohio-7119, ¶ 7, citing *State v. Booker,* 10th Dist. Franklin No. 15AP-42, 2015-Ohio-5118, ¶ 21.

> In *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371, the Supreme Court told us that "* * * it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." To address an issue prematurely would have the effect of rendering an advisory opinion on potential issues.

*State v. Poppe*, 3d Dist. Auglaize No. 2-06-23, 2007-Ohio-688, ¶ 15, citing *State v. Bistricky*, 66 Ohio App.3d 395, 397, 584 N.E.2d 75 (8th Dist.1990).

{¶7} This court has described the relevant portions of the Reagan Tokes Act as follows:

3

Case No. 2021-L-006

The Reagan Tokes Act went into effect in Ohio on March 22, 2019. The Act requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). The Act also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections ("DRC") may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

*State v. Ferguson*, 11th Dist. Lake No. 2020-L-031, 2020-Ohio-5578, ¶ 8, *appeal accepted*, 162 Ohio St.3d 1410, 2021-Ohio-961, 165 N.E.3d 333.

{¶8} In *State v. Lavean*, 11th Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 8, we noted that "several districts have concluded that constitutional challenges to the Reagan Tokes Act on appeal from sentencing are not yet ripe for review because it is uncertain whether the offender's release date will extend past the minimum term of imprisonment imposed." We adhered to our ripeness analysis that we applied with respect to "Ohio's former 'bad time' laws" and to optional postrelease control. *Id.* at ¶ 10-11. We concluded, as have the Fourth, Fifth, and Sixth Districts, that "as with the 'bad time' law, challenges to the Reagan Tokes Act in an appeal from sentencing are prematurely raised and should instead be raised through a habeas corpus petition if the offender is held past the minimum term." *Id.* at ¶ 11, citing *Ramey*, 2020-Ohio-6733, at ¶

4

21, *Downard*, 2020-Ohio-4227, at ¶ 12, and *Maddox*, 2020-Ohio-4702, at ¶ 12. *Accord State v. Moran*, 11th Dist. Lake No. 2020-L-114 *et seq.*, 2021-Ohio-1987, ¶ 11-13 and *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230, ¶ 8. *But see State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873, ¶ 10-18 (8th Dist.) (concluding the constitutional challenge is ripe for review because "[t]he record is sufficiently developed to allow us to fairly adjudicate the parties' arguments"; "operation of the law is inevitable at the end of [the defendant's] minimum term of imprisonment"; and the offenders sentenced under the law will "experience 'real and immense' hardship if judicial relief is denied at this stage in the proceedings").[1]

{¶9}   Following this court's precedent, we conclude that appellant's constitutional challenges to the Reagan Tokes Act are not yet ripe for review. Because appellant fails to present a justiciable controversy, we lack jurisdiction to address appellant's sole assignment of error and dismiss the appeal. *See Elyria Foundry Co.,* 82 Ohio St.3d at 89 ("'the prerequisite of ripeness is a limitation on jurisdiction'"); *see also Manion*, *Ramey*, *Maddox*, and *Downard* (dismissing appeals due to lack of ripeness for review).

{¶10}   Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

---

1. The issue of whether constitutional challenges to the Reagan Tokes Act are ripe for review at the time of sentencing is currently before the Supreme Court of Ohio in the certified conflict case of *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

Case No. 2021-L-006