[Cite as *State v. Ramey*, 2020-Ohio-6733.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 20CA1, 20CA2 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| TIMOTHY RAMEY, | : | |
| Defendant-Appellant. | : | **RELEASED 12/15/2020** |

_____
<u>APPEARANCES</u>:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for appellee.
_____
Hess, J.

{¶1}   Timothy Ramey appeals his sentence for felonious assault, drug trafficking, and a gun specification.  Ramey contends that the trial court erred when it sentenced him under the Reagan Tokes Law because it is unconstitutional.  Ramey argues that the provisions that enable the Ohio Department of Rehabilitation and Corrections (ODRC) to increase his prison sentence without judicial involvement and to future imprison him without notice, a hearing, and a jury trial violates the separation of powers doctrine, his due process rights, and his right to a jury trial.

{¶2}   We dismiss his appeal because the question of the constitutionality of the Reagan Tokes Law is not ripe for review. Ramey was sentenced to an indefinite prison term of a minimum of nine years and a maximum of twelve years.  Under the Reagan Tokes Law, there is a rebuttable presumption that Ramey will be released at the end of

his minimum sentence. The ODRC may, under certain circumstances, rebut that presumption and keep Ramey incarcerated for an additional reasonable period, not to exceed his maximum prison term as sentenced by the trial court. However, Ramey has not yet served his minimum sentence. Therefore, he has not yet been subject to the application of the provisions he challenges. Because he has not yet been subject to the actions by the ODRC, the constitutional issue is not yet ripe for our review.

{¶3}   We dismiss this appeal.

## I.  FACTS AND PROCEDURAL HISTORY

{¶4}   The Washington County grand jury indicted Ramey on thirteen counts, including one count of attempted murder, three counts of felonious assault, two counts of discharge of a firearm, several drug trafficking and possession counts, and a number of firearm specifications.  In a negotiated plea agreement, Ramey pleaded guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2) and (C)(1)(d), a second-degree felony; one count of trafficking in drugs in violation of R.C. 2925.03(A)(1) and (C)(6)(d), a third-degree felony; a gun specification in violation of R.C. 2941.145 and R.C. 2929.14(B)(1)(a)(ii); and a forfeiture specification under R.C. 2941.1417, R.C. 2981.02(A)(1), and R.C. 2981.04. Pursuant to the plea agreement, the trial court dismissed the remaining counts. The parties did not reach an agreement as to sentencing.

{¶5}   Prior to sentencing, Ramey filed a sentencing memorandum in which he asked the trial court to strike as unconstitutional the indefinite sentencing provisions of the recently enacted Reagan Tokes Law, Am.Sub.S.B. No 201, effective March 22, 2019.  Ramey argued that the Reagan Tokes Law violated the separation of powers

doctrine because ODRC can increase an offender's prison sentence based on the offender's behavior while incarcerated. He contended that this allows ODRC to "prosecute the crime, determine guilt, and sentence the offender to more time, thus violating the separation of powers doctrine." Ramey contended that this "scheme is no different than the unconstitutional 'Bad Time Statute,'" set forth in R.C. 2967.11, which the Supreme Court of Ohio struck down in *State v. ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000). Ramey also argued that the Reagan Tokes Law violates due process because it does not give notice of all the factors that ODRC may use to increase his sentence and it violates his right to a jury trial because the "ODRC uses judicial fact finding to increase the minimum sentence."

**{¶6}** The state opposed Ramey's memorandum and argued that he incorrectly equates sentencing under the Reagan Tokes Law with the "bad time" statute, R.C. 2967.11 (which has since been repealed). Instead, the state argued that the Reagan Tokes Law creates an indefinite sentence structure with a minimum and maximum term that are imposed by the trial court. A defendant's maximum sentence cannot be extended by ODRC – a critical distinction between the Reagan Tokes Law and the former "bad time" statute. More importantly, the state argued that Ramey lacks standing to raise the constitutional challenge to Reagan Tokes Law because he has not yet been sanctioned under it by ODRC. The state argued that when the constitutionality of the "bad time" statute was challenged, there was a split in the appellate districts regarding whether a constitutional challenge could be brought by a defendant who had not yet been sanctioned by ODRC with bad time. In the event a defendant's sentence was extended beyond the minimum, that defendant could file a habeas corpus petition

and challenge the constitutionality of the law. The state argued that habeas corpus petitions were how the "bad time" statute was challenged in *Bray, supra* (the three defendants in *Bray*, Bray, Haddad, and White each challenged their "bad time" penalty via a petition for a writ of habeas corpus).

{¶7} The trial court found Reagan Tokes Law constitutional and sentenced Ramey to an indefinite term of six years minimum to nine years maximum for felonious assault, three years on the gun specification to be served prior to and consecutively to his prison term for felonious assault, and 30 months for trafficking in drugs to run concurrently with his prison term for felonious assault. In aggregate, Ramey's prison term is a minimum of nine years and a maximum of twelve years.

## II. ASSIGNMENT OF ERROR

{¶8} Ramey assigns the following error for our review:

DEFENDANT-APPELLANT'S INDEFINITE SENTENCE IS VOID.

{¶9} Ramey contends that his sentence is void because the Reagan Tokes Law is unconstitutional.

## III. REAGAN TOKES LAW

{¶10} The Reagan Tokes Law requires that a court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first or second-degree felony committed on or after March 22, 2019, impose a minimum prison term under that provision and a maximum prison term determined under R.C. 2929.144(B). R.C. 2929.144(C). There is a presumption that the offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). A presumptive

earned early release date is a date determined under procedures described in R.C. 2967.271(F) which allow the sentencing court to reduce the minimum prison term under certain circumstances. R.C. 2967.271(A)(2). The ODRC may rebut the presumption if it determines at a hearing that one or more statutorily numerated factors applies. R.C. 2967.271(C). If ODRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, determined and specified by ODRC, that "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶11} Ramey maintains that the Reagan Tokes Law violates the separation of powers doctrine, due process and his right to a jury trial because R.C. 2967.271(C)(1) allows ODRC to extend a prison sentence if it determines, among other things, that the offender committed an unprosecuted violation of the law. He asserts that this is "the same scheme" that existed under former R.C. 2967.11, which allowed the parole board to extend an offender's stated prison term if it determined the offender committed a criminal offense while incarcerated. Ramey argues that in *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), the Supreme Court of Ohio held that former R.C. 2967.11 violated the separation of powers doctrine because trying, convicting, and sentencing inmates for crimes committed while incarcerated is not an exercise of executive power. He cited to a Hamilton County Court of Common Pleas decision, *State v. Oneal,* Hamilton C.P. No. 1903562, 2019 WL 7670061 (Nov. 20, 2019) (currently pending on appeal before the First District Court of Appeals) which he attached to his brief which found the Reagan Tokes Law violates the separation of powers doctrine and the lack of due process "causes S.B. 201 [Reagan Tokes Law] to

appear far worse than the previous 'Bad Time' statute." *Id.* at 7. He also argues that due process requires that the decision to restrict an individual's freedom be made by a judge and that he has a right to a trial by jury on the question of whether his minimum sentence should be increased.

**{¶12}** The state contends that Ramey lacks standing[1] to challenge the constitutionality of the Reagan Tokes Law because he has not been injured by its allegedly unconstitutional provision as ODRC has not maintained his incarceration beyond his minimum prison term.  Alternatively, the state argues that the law is distinguishable from former R.C. 2967.11, the "bad time" statute.  The state asserts that under former R.C. 2967.11, the parole board could extend an offender's sentence beyond the prison term imposed by the sentencing court whereas under the Reagan Tokes Law, the court imposes the minimum and maximum sentence, and ODRC only decides when the defendant will be released from prison within that sentencing range. The state maintains that "Before Ohio re-vamped its sentencing structure * * * convicted felons were sentenced to indeterminate sentences. Prior to 1996, the parole board had discretion to grant or deny parole during the time included in the sentencing range set by the trial judge. * * * there is no authority finding that process of those sentences unconstitutional."

---

[1] Although the state argues Ramey lacks "standing" the proper question is one of "ripeness" rather than "standing." *See Wells Fargo Bank, N.A. v. Horn,* 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 8 (2015) ("Generally speaking, standing is '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.' *Black's Law Dictionary* 1625 (10th Ed.2014). 'It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.'"). "Ripeness 'is peculiarly a question of timing.'" *State ex rel. Elyria Foundry Co. v. Indus. Comm.,* 82 Ohio St.3d 88, 89, 1998-Ohio-366, 694 N.E.2d 459. Thus, while Ramey undoubtedly has standing to challenge his sentence, because he has not yet been subject to the ODRC actions, the question is whether the constitutionality of Reagan Tokes Law is ripe for review.

{¶13} The constitutionality of a statute presents a question of law we review de novo. *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 27 (4th Dist.). However, "[i]t is well settled that this court will not reach constitutional issues unless absolutely necessary." *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. To determine the necessity of a constitutional analysis, therefore, we must first decide whether the issue is ripe for review.

{¶14} At least five appellate districts have had the opportunity to address the constitutionality of the Reagan Tokes Law. In our district and in the Eighth District Court of Appeals, the defendant failed to raise constitutional objections in the trial court and both appellate courts refused to conduct a plain error analysis of the issue. *State v. Conant,* 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 40 ("we decline to construct a plain error argument on his behalf, particularly when R.C. 2967.271(C)(1) has not been and might never be applied to him, and he has not responded to the state's standing argument"); *State v. Young,* 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 21 ("Young failed to raise a constitutional challenge to the Reagan Tokes Act in the trial court, and we decline to address the issue for the first time on appeal").

{¶15} The Fifth District Court of Appeals has twice held that constitutional challenges to the Reagan Tokes Law are not yet ripe for review because the appellant has not yet been subject to the application of those provisions. It determined that the appropriate method to challenge the constitutionality of the Reagan Tokes Law is by filing a petition for a writ of habeas corpus if the defendant is not released at the conclusion of the minimum term of incarceration. *State v. Downard,* 5th Dist.

Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 7-12; *State v. Manion,* 5th Dist. Tuscarawas No. 2020AP030009, 2020-Ohio-4230, ¶ 7-12.

**{¶16}** Both the *Downard* and *Manion* decisions conducted similar analyses of the question and determined that in each case the issue is not ripe for review. The appellant "has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration." *Downard* at ¶ 7; *Manion* at ¶ 7. In discussing the ripeness issue, the appellate court explained:

> The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:
>
>> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
>>
>> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.
>
> *Id.* at 89, 694 N.E.2d at 460.

*Downard* at ¶ 8-9; *Manion* at ¶ 8-9.

**{¶17}** The Fifth District Court of Appeals also noted that, in analyzing an analogous constitutional challenge to R.C. 2967.28 (which allows the Parole Board to impose sanctions for violations of post-release control), the Eighth District Court of Appeals concluded that because the defendant "was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review." *Id.* at ¶ 10, citing *State v. McCann,* 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, ¶ 6. The appellate court in *Downard* and *Manion* analogized the appellant before them to the appellant in *McCann* and found:

> Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his eight year minimum sentence and potentially continue his incarceration to a term not exceeding ten and one-half years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review.

*Downard* at ¶ 11; *Manion* at ¶ 11.

**{¶18}** The appellate court also discussed the procedural context of *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), in which the Supreme Court of Ohio determined that the "bad time" statute violated the separation of powers doctrine and was unconstitutional. All three prisoners in *Bray* had each filed a petition for a writ of habeas corpus to challenge the constitutionality of the statute – each had been sentenced and then, during their sentence, had bad time penalties imposed after each had allegedly committed assaults while in prison. The court in *Downard* and *Manion* noted that while the Supreme Court of Ohio did not specifically address the procedural posture of the *Bray* case, it ruled on the merits of the case. "We thus infer the appropriate method for Appellant to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a [petition for a] writ of habeas corpus if he

is not released at the conclusion of his eight[-]year minimum term of incarceration. We find the issues raised in this appeal are not yet ripe for review." *Downard* at ¶12-13; *Manion* at ¶ 12-13.

{¶19} Although the Fourth, Eighth, and Fifth Districts have either refused to conduct a plain error analysis of the constitutional challenge or found the issue not yet ripe for review, the Second, Third, and Twelfth District Court of Appeals have upheld the Reagan Tokes Law as constitutional without addressing the ripeness issue. *State v. Ferguson,* 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 (specifically discussing the *State v. Oneal, supra* decision from the Hamilton County Court of Common Pleas); *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150 (conducting a plain error review of the constitutionality of the Reagan Tokes Law and rejecting the reasoning in *State v. Oneal*); *State v. Hacker*, 2020-Ohio-5048, __N.E.3d__ (3d Dist.) (conducting a de novo review of the constitutionality of the Reagan Tokes Law and rejecting the reasoning in *State v. Oneal*); *State v. Guyton,* 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. These courts noted the critical distinction between the "bad time" statute and the Reagan Tokes Law:

> Barnes's reliance upon *Bray* and *Oneal* is misplaced because there is a significant distinction between the imposition of "bad time" as allowed by R.C. 2967.11 and the Reagan Tokes Law. R.C. 2967.11 authorized the parole board to sentence a defendant to an additional prison term beyond that which had been imposed by the trial court. In *Bray*, the defendant had served the entirety of the definite sentence imposed by the trial court; the parole board then tacked an additional prison term onto the defendant's sentence. In contrast, under Reagan Tokes, the executive branch cannot keep a defendant in prison beyond the maximum sentence imposed by the trial court. In short, Reagan Tokes does not allow the ODRC to lengthen a defendant's sentence beyond the maximum sentence imposed by the trial court. We thus conclude that *Bray* and *Oneal* do not compel the conclusion that the Reagan Tokes Law violates the separation of powers doctrine.

*State v. Barnes,* 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 36.

> [T]he Court has made it clear that, when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence. *See Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19, citing *Woods*. Such is the case under the scheme established by the Reagan Tokes Law. A court imposes both the minimum and maximum prison terms, including both in its sentence. The DRC then determines whether the offender merits more than the minimum and up to the maximum imposed. In terms of the separation of powers, the delegation of power to the DRC is like the system of post-release control: "Those terms are part of the actual sentence, unlike bad time, where a crime committed while incarcerated resulted in an additional sentence not imposed by the court. In other words, the court imposes the full sentence and the [DRC] determines whether violations merited its imposition." *Woods* at 511. Accordingly, the Reagan Tokes Law does not violate the separation-of-powers doctrine. (Brackets sic.)

> \*       \*       \*

> "[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." *Woods* at 513, citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the DRC must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the DRC unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required. (Brackets sic.)

Lastly, in support of both of his constitutional arguments, Ferguson cites a Hamilton County trial court decision, *State v. Oneal*, Hamilton C.P. No. B 1903562, 2019 WL 7670061 (Nov. 20, 2019), which concluded that the Reagan Tokes Law is unconstitutional because it violates the separation-of-power doctrine and due process. The court analogizes the Law to the bad-time statute in *Bray* and concludes that that Law "clearly violates the separation of powers doctrine," because it allows the DRC rather than a judge to determine whether to give an "additional sentence." *Id.* at *5. And because it concluded that a judge should be involved, the trial court also concluded that the Law violates due process. But these conclusions are unpersuasive because the court did not consider *Woods* at all. Consequently, we conclude that court failed to recognize that under the

Reagan Tokes Law a court imposes the "additional sentence" when imposing a maximum prison term.

*State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 23, 25-26.

The hearings conducted by the ODRC under R.C. 2967.271(C) are analogous to parole revocation proceedings, probation revocation proceedings, and postrelease control violation hearings at issue in *Morrissey, Gagnon*, and *Woods*. This is because, as noted by the state as part of its appellate brief, "[a]ll three situations concern whether a convicted felon has committed violations while under the control and supervision of the [ODRC]." Therefore, because due process does not require the sentencing court to conduct parole revocation proceedings, probation revocation proceedings, or postrelease control violation hearings, we likewise conclude that due process does not require the sentencing court to conduct a hearing under R.C. 2967.271(C) to determine whether the ODRC has rebutted the presumption set forth in R.C. 2967.271(B). This is confirmed by the United States Supreme Court's decisions in *Goldberg, Morrissey*, and *Gagnon*, as well as the Ohio Supreme Court's decisions in *Miller* and *Woods*. Accordingly, because the Reagan Tokes Law, specifically R.C. 2967.271, does not run afoul of an offender's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, Guyton's single assignment of error lacks merit and is overruled. (Brackets sic.)

*State v. Guyton,* 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.

**{¶20}** Although we find the analyses of the Second, Third, and Twelfth District Courts of Appeals persuasive on the merits, we do not reach the merits of Ramey's constitutional challenge because, like the analysis of the Fifth District Court of Appeals, we find that it is not yet ripe for review. Ramey has not yet been subject to the application of the provisions, has not served his minimum time, and therefore has not been denied release at the expiration of his minimum term of incarceration. We have historically practiced restraint in addressing challenges to sentencing issues which are not yet ripe for review. *See State v. Edwards*, 4th Dist. Jackson No. 06CA5, 2006-Ohio-6288, ¶ 27; *State v. Sparks*, 4th Dist. Washington No. 03CA21, 2003-Ohio-6300, ¶ 1

("Sparks contends that the trial court violated his right to due process and usurped the authority of the Ohio Adult Parole Authority * * * by sentencing him to a period of post-release control. Because we find that Sparks has not yet been sentenced to any period of post release control, we find that his appeal is not yet ripe for judicial review."). This is particularly true where constitutional challenges are raised; appellate courts will not reach constitutional issues unless "absolutely necessary." *State v. Breidenbach,* 4th Dist. Athens No. 10CA10, 2010-Ohio-4335, ¶ 12. If the provisions of the Reagan Tokes Law which give the ODRC authority to keep Ramey incarcerated until he has served his maximum prison term are unconstitutional, Ramey can challenge those by a petition for a writ of habeas corpus – if, after he has served his minimum prison term, the ODRC acts to maintain him beyond it. *See Bray, supra; Downard, supra; Minion, supra.*

**{¶21}** As noted in *Downard* and *Minion*, a petition for a writ of habeas corpus was the procedure by which the defendants in *Bray* challenged the constitutionality of the "bad time" statute, R.C. 2967.11. The defendants were sentenced, served their prison terms, and then were sanctioned with bad time penalties that were added to the maximum sentence imposed by the trial court. Each defendant filed a petition for a writ of habeas corpus, alleging that they were unlawfully restrained because R.C. 2967.11 was unconstitutional. Similarly, in *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, an inmate, Woods, challenged the post-release control statute, R.C. 2967.28, on the grounds that it violated the separation of powers doctrine and due process. Woods was sentenced to ten months in prison and then placed on post-release control for three years. After a number of violations, Woods was sanctioned to serve one hundred and eighty days in a community based correctional facility. Woods

filed a petition for a writ of habeas corpus arguing that the post-release control statute was unconstitutional. The Supreme Court of Ohio held that the post-release control statute was constitutional. As in *Bray*, the Court did not specifically discuss the necessity of the use of a petition for a writ of habeas corpus to challenge the constitutionality of the post-release control statute, the Court ruled on the merits, finding the statute constitutional. Thus, as with *Bray* and as recognized by the Fifth District in *Downard* and *Minion*, we find that a habeas corpus petition is the appropriate method for Ramey to challenge the constitutionality of the Reagan Tokes Law when – if ever – the ODRC holds him beyond the minimum sentence.

**{¶22}** We find the constitutional challenge raised by Ramey in his sole assignment of error is not yet ripe for review. The assignment of error is overruled.

IV.  CONCLUSION

**{¶23}**  We overrule the assignment of error. The appeal is dismissed.

**{¶24}**  The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**