[Cite as *State v. Gossman*, 2021-Ohio-1928.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 7-21-01

    v.

ERIC D. GOSSMAN,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 20 CR 0086

Judgment Affirmed

Date of Decision: June 7, 2021

APPEARANCES:

    *Autumn D. Adams* for Appellant

**SHAW, J.**

{¶1} Defendant-appellant, Eric D. Gossman ("Gossman"), brings this appeal from the December 9, 2020 judgment of the Henry County Common Pleas Court sentencing him to five years of community control after Gossman pled guilty to, and was convicted of, Felonious Assault in violation of R.C. 2903.11(A)(2), a first degree felony. On appeal, Gossman argues that, even though he was placed on community control, the indefinite prison term that was reserved by the trial court to be imposed in the event that Gossman's community control was revoked was unconstitutional.

*Background*

{¶2} On August 26, 2020, Gossman was indicted for Aggravated Menacing in violation of R.C. 2903.21(A), a first degree misdemeanor, Felonious Assault in violation of R.C. 2903.11(A)(2), a first degree felony, and Assault on a Police Officer in violation of R.C. 2903.13(A), a fourth degree felony. Pursuant to a written negotiated agreement, Gossman pled guilty to Felonious Assault as indicted, and, in exchange for his guilty plea, the remaining charges were dismissed. Further, the state agreed that it would not object to the trial court "overcoming the presumption for prison" and imposing a sentence of community control.[1]

---

[1] It was evident that Gossman was in favor of the state's recommended sentence; however, it was not officially an "agreed sentencing recommendation."

{¶3} After a pre-sentence investigation was conducted, Gossman was sentenced to serve five years of community control as recommended by the state. He was then notified that if he violated his community control, and if his community control was revoked, he would be sentenced to four years in prison, with a maximum indefinite prison term of six years. A judgment entry memorializing Gossman's sentence was filed December 9, 2020. It is from this judgment that he appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Reagan Tokes is unconstitutional as it vests sentencing power in the Executive Branch and fails to afford Appellant access to an attorney at any disciplinary hearing while he is [in] ODRC's custody.**

{¶4} In his assignment of error, Gossman argues that the Reagan Tokes Law regarding indefinite sentencing for qualifying felonies is facially unconstitutional, that it violates the separation of powers doctrine, and that it violates Gossman's right to due process.

Standard of Review

{¶5} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the

trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Analysis

**{¶6}** Although we generally review sentencing determinations under the standard set forth above, the constitutionality of a statute presents a question of law we review de novo. *Hayslip v. Hanshaw*, 4th Dist. Highland No. 15CA20, 2016-Ohio-3339, ¶ 27. Importantly, however, "[i]t is well settled that this court will not reach constitutional issues unless absolutely necessary." *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 9. To determine the necessity of a constitutional analysis we must first decide whether the issue is ripe for review. *State v. Ramey*, 4th Dist. Washington No. 20CA1, 2020-Ohio-6733, ¶ 13.

**{¶7}** After reviewing the record and the applicable legal authority, we find there are a number of issues in this case that prevent Gossman's arguments against "Reagan Tokes" from being ripe for review. First and foremost, Gossman's prison sentence has not been imposed; rather, he has been placed on community control. Thus Gossman has not actually been sentenced to an "indefinite prison term" for a "qualifying offense" under Reagan Tokes that would even potentially invoke his arguments regarding facial constitutionality of the Regan Tokes Law, due process, or separation of powers.

**{¶8}** At this point, Gossman has only been *notified* that *if* he violates his community control, and *if* the trial court elects to revoke his community control, he will *only then* be subject to the reserved indefinite prison term for his qualifying offense.[2] "Ohio appellate courts have consistently held that 'an appeal of a reserved sentence of imprisonment that is part of a sentence of community control is not ripe until an actual sentencing order imposes the prison term for community control violation.' " *State v. Daniel*, 11th Dist. Trumbull No. 2014-T-0044, 2015-Ohio-3826, ¶ 9, quoting *State v. Poppe,* 3d Dist. Auglaize No. 2–06–23, 2007–Ohio–688, ¶ 14; *see also State v. McNeil*, 12th Dist. Warren No. CA2018-09-115, 2019-Ohio-1200, ¶ 20 (holding that consecutive sentence findings were not ripe for appeal when appellant had been placed on community control and not sentenced to prison). In this case, there is no guarantee that Gossman will *ever* be sentenced to the reserved prison term, thus his constitutionality arguments are not ripe for appeal.

**{¶9}** Second, we note that even if we assumed that the Reagan Tokes Law impacted Gossman despite his actual sentence to community control, some Ohio appellate courts have determined that certain "constitutional challenges to the Reagan Tokes Law are not yet ripe for review because the appellant has not yet been subject to the application of those provisions." *Ramey*, *supra*, at ¶ 15. Rather, these

---

[2] "[T]he notice does little more than set a ceiling on the potential prison term, leaving the court with the discretion to impose a lesser term than the offender was notified of when a lesser term is appropriate." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 23.

courts have held that, "the appropriate method to challenge the constitutionality of the Reagan Tokes Law is by filing a petition for a writ of habeas corpus if the defendant is not released at the conclusion of the minimum term of incarceration." *Id*. citing *State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 7-12; *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 15 (finding certain arguments regarding Reagan Tokes not to be ripe for appeal). In other words, Gossman would need to challenge the indefinite portion of his sentence, if and when it was actually invoked, not at the trial court's reservation of a prison term.

**{¶10}** We are aware that issues regarding the constitutionality of the Reagan Tokes Law are pending before the Supreme Court of Ohio, including whether the challenges are ripe for review. *See State v. Maddox*, Sup Ct. Case No. 2020-1266 (being heard June 29, 2021). However, even if the Supreme Court of Ohio determined that Reagan Tokes challenges were ripe for review at the time a prison sentence is initially imposed, the issue before us *still* would not be ripe because a prison term *has not been imposed in this case*.

**{¶11}** Furthermore, notwithstanding ripeness issues, we have already reviewed and rejected a similar constitutional challenge to Reagan Tokes under a separation of powers argument and under a challenge that Reagan Tokes lacked certain procedural safeguards. *See State v. Hacker*, 3d Dist. Logan No. 8-20-01,

2020-Ohio-5048. Thus were we to reach the constitutional issues in the case before us, we decline to depart from our recent prior precedent to the extent it is applicable.

{¶12} Finally, we note that even if the issues in this case had been ripe for review, and even if they survived our prior precedent overruling some similar arguments, Gossman failed to raise his constitutional challenge at the trial court level. Some Ohio appellate courts—including this Court—have declined to review constitutional challenges to Reagan Tokes when the issue was not raised at the trial court level. *See State v. Ramey*, 4th Dist. Washington No. 20CA1, 2020-Ohio-6733, ¶ 14, citing *State v. Young,* 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 21 ("Young failed to raise a constitutional challenge to the Reagan Tokes Act in the trial court, and we decline to address the issue for the first time on appeal."); *Hacker*, *supra*, at ¶ 17. For all of these reasons Gossman's assignment of error is overruled.

*Conclusion*

{¶13} For the foregoing reasons the assignment of error is overruled and the judgment of the Henry County Common Pleas Court is affirmed.

**Judgment Affirmed**

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlr**