[Cite as *State v. Waltz*, 2021-Ohio-3895.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2021-0012 |
| ELIJAH WALTZ | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2020-0575


JUDGMENT:                     Affirmed in part, Vacated in part and
                              Remanded in part


DATE OF JUDGMENT ENTRY:       November 1, 2021


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant

RONALD L. WELCH                     JAMES ANZELMO
Prosecuting Attorney                446 Howland Drive
Muskingum County, Ohio              Gahanna, Ohio 43230

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶1}   Defendant-appellant Elijah Waltz appeals the January 29, 2021 Judgment Entry entered by the Muskingum County Court of Common Pleas, which convicted him of four counts of felonious assault, two counts of kidnapping, and two counts of child endangering, and sentenced him to an aggregate prison term of 70 years and an aggregate indefinite prison term of 75.5 years, following his guilty pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On October 28, 2020, the Muskingum County Grand Jury indicted Appellant on six counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A)(1); three counts of felonious assault, felonies of second degree, in violation of R.C. 2903.11(A)(2); six counts of kidnapping, felonies of the first degree, in violation of R.C. 2905.01(A)(3); and seven counts of endangering children, felonies of the second degree, in violation of R.C. 2919.22(B)(2).  Appellant appeared before the trial court for arraignment on November 4, 2020, and entered a plea of not guilty to the Indictment.

{¶3}   Appellant appeared before the trial court for a change of plea on December 23, 2020.  After the trial court conducted a Crim. R. 11 colloquy with Appellant, Appellant withdrew his former pleas of not guilty and entered guilty pleas to four counts of felonious assault, two counts of kidnapping, and two counts of child endangering.  The trial court accepted the pleas, found Appellant guilty, and ordered a pre-sentence investigation.

{¶4}   On January 25, 2021, the trial court sentenced Appellant to eight years on each of the four felonious assault counts, eleven years on each of the kidnapping counts,

---

[1] A Statement of the Facts underlying Appellant's convictions and sentence is not necessary to our disposition of this Appeal.

and eight years on each of the endangering children counts. The trial court ordered the sentences be served consecutively for an aggregate prison term of 70 years and an indefinite prison term of 75.5 years. The trial court memorialized Appellant's convictions and sentence via Judgment Entry filed January 29, 2021.

{¶5} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES [SIC] THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. ELIJAH WALTZ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT UNLAWFULLY ORDERED WALTZ TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

I, II

{¶6} Appellant was sentenced pursuant to the Reagan Tokes Act, as codified by R.C. 2967.271. In his first assignment of error, Appellant challenges the constitutionality of the Regan Tokes Act, which codified hybrid indefinite prison terms for first and second degree felonies. Specifically, Appellant argues the presumptive release feature of the act violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers and equal protection. In his second assignment of error, he asserts trial counsel was ineffective for failing to raise a constitutional challenge to the Act in the trial court.

{¶7} This Court has previously addressed whether a challenge to the constitutionality of the Reagan Tokes Law is ripe for appellate review where the defendant has yet to serve the minimum term and yet to be subjected to the application of the Reagan Tokes Law, and has repeatedly held the issue is not ripe for review. See *State v. Clark*, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631, *State v. Wolfe*, 5th Dist. Licking No. 2020-CA-0021, 2020-Ohio-5501; *State v. Buckner*, 5th Dist. Muskingum CT2020-0023, 2020-0024, 2020-Ohio-7017; and *State v, King*, 5th Dist. Stark No. 2020 CA 00064, 2021-Ohio-1636.

{¶8} The Sixth District has reached the same conclusion in *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, and *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855. Likewise, the Fourth District found the issue not ripe for review in *State v. Ramey*, 4th Dist. Washington Nos. CA 1 and 20 CA 2, 2020-Ohio-6733.

**{¶9}** We note the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Law is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the law. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, order to certify conflict allowed, *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150 (Table). *See also*, *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, appeal accepted on Appellant's Proposition of Law No. II, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table) (Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).

**{¶10}** For the reasons set forth in this Court's prior opinions, we find Appellant's constitutional challenges to the Reagan Tokes Act and his trial counsel's failure to raise the same are not yet ripe for review.

**{¶11}** Appellant's first and second assignments of error are overruled.

III

**{¶12}** In his final assignment of error, Appellant maintains the trial court erred in failing to make the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing. We agree.

**{¶13}** R.C. 2929.14(C)(4) provides, in pertinent part:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} In *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, the Ohio Supreme Court held:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) *at the*

*sentencing hearing* and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

> *Id.* at syllabus (Emphasis added.)

{¶15} At the January 25, 2021 Sentencing Hearing, the trial court made the following remarks:

> It was also brought up about your prior conviction in 2015 for trafficking. Your mother's in the back of the courtroom who was the co-defendant with you. She lost her legs in a car accident, and you were selling her OxyContin so you could get high with the drugs that you wanted. She was also quite happy to indicate to the prosecutor's office that she got sent to prison and got away from you. There are numerous other people who would say the same thing. As indicated, you have been around a number of people who ended up hurt.
>
> Besides, you know, a couple of convictions for things like domestic violence and criminal damaging, trespassing, and so on and so forth, the number of reports just obtained from the Zanesville Police Department wherein you were called – they were called to a scene to assist somebody to get away from you because you were beating them with canes or beating them, taking and holding them hostage, and that type of stuff, the same stuff that you were doing here.

These children endured this abuse for five months. And seeing the pictures and reading the statements that they made, it's obvious that they will never physically recover completely, nor mentally recover completely. The mental anguish that they have suffered will last a lifetime as well the physical injuries. No one should ever treat children that way.

But yet, not that long ago, you and your father had custody – or were looking after a three-year-old while the mother was in the hospital having another child and that three-year-old turned up dead. It wasn't reported for several hours. And when it was reported, an autopsy was performed and was indicated as being a suspicious death. One can only wonder why a three-year-old could die while you're taking care of it and nobody's called for almost nine hours and then being indicated that there was bruises and problems with the child as well as some problems with the blood work that was done on that child.

But that's not the case we're here for. We're here for the two that survived but only because the teachers and everybody else came forward.

The Court sees no other sentence than to give you * * * Eleven years on each. Eight years on each of the felonies of the second degree.

The Court is going to order that all those sentences be served consecutively to each other and that 97 days of credit be applied toward those sentences.

The Court is doing this to indicate that the seriousness of your conduct and the harm involved in this, it's unbelievable, and that sentence

is not disproportionate to that harm.  You did this over a five-month period and no single prison term could just satisfy what needs to be done in this case.  Given your history and what happened here, it screams for that kind of time.

Transcript of January 25, 2021 Sentencing Hearing at 12-15.

**{¶16}** In its January 29, 2021 Entry, the trial court found:

The Court found and stated that the seriousness of [Appellant's] conduct and the harm involved in this, it's unbelievable, and that sentence is not disproportionate to that harm.  He did this over a five-month period and no single prison term could just satisfy what needs to be done in this case.  Given his history and what happened here, it screams for that kind of time.

The Court also found and stated that he ought to be punished for acts that he committed considering that there were a number of those and there were two separate victims.

January 29, 2021 Entry at 2, unpaginated.

**{¶17}** Upon review of the transcript of the January 25, 2021 Sentencing Hearing and subsequent judgment entry, we find the trial court did not make one of the requisite findings mandated by R.C. 2929.14(C)(4) and *Bonnell,* supra.  Although we find the trial court stated its reasons for imposing consecutive sentences, and the record clearly and

sufficiently supports the same, we find the trial court failed to make the specific finding consecutive sentences were not disproportionate to the danger Appellant poses to the public.   Although this Court recognizes it can easily be inferred from the trial court's statements at sentencing and its judgment entry the trial court considers Appellant a danger to the public, we, nevertheless, vacate the sentence and remand the matter to the trial court to determine whether consecutive sentences are not disproportionate to the danger Appellant poses to the public.

{¶18}  Appellant's third assignment of error is sustained.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur