[Cite as *State v. Waltz*, 2022-Ohio-2395.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2021-0012 |
| ELIJAH WALTZ | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Muskingum County
                                                          Court of Common Pleas, Case No.
                                                          CR2020-0575


JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:       July 11, 2022


APPEARANCES:


For Plaintiff-Appellee                         For Defendant-Appellant

RONALD L. WELCH                         CHRIS BRIGDON
Prosecuting Attorney                        8138 Somerset Road
Muskingum County, Ohio                 Thornville, Ohio 43076

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701-0189

*Hoffman, P.J.*

**{¶1}** This case comes before this Court from the judgment entered by the Ohio Supreme Court on April 27, 2022, remanding this case for this Court to consider whether the challenged provisions of the Reagan Tokes Law are constitutional. Defendant-appellant is Elijah Waltz. Appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On October 28, 2020, the Muskingum County Grand Jury indicted Appellant on six counts of felonious assault, felonies of the second degree, in violation of R.C. 2903.11(A)(1); three counts of felonious assault, felonies of second degree, in violation of R.C. 2903.11(A)(2); six counts of kidnapping, felonies of the first degree, in violation of R.C. 2905.01(A)(3); and seven counts of endangering children, felonies of the second degree, in violation of R.C. 2919.22(B)(2). Appellant appeared before the trial court for arraignment on November 4, 2020, and entered a plea of not guilty to the Indictment.

**{¶3}** Appellant appeared before the trial court for a change of plea on December 23, 2020. After the trial court conducted a Crim. R. 11 colloquy with Appellant, Appellant withdrew his former pleas of not guilty and entered guilty pleas to four counts of felonious assault, two counts of kidnapping, and two counts of child endangering. The trial court accepted the pleas, found Appellant guilty, and ordered a pre-sentence investigation.

**{¶4}** On January 25, 2021, the trial court sentenced Appellant to eight years on each of the four felonious assault counts, eleven years on each of the kidnapping counts, and eight years on each of the endangering children counts. The trial court ordered the sentences be served consecutively for an aggregate prison term of 70 years and an

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

indefinite prison term of 75.5 years. The trial court memorialized Appellant's convictions and sentence via Judgment Entry filed January 29, 2021.

{¶5}    Appellant appealed the judgment of conviction and sentence, assigning as error:


I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES [SIC] THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. ELIJAH WALTZ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT UNLAWFULLY ORDERED WALTZ TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.


{¶6}    This Court found the issue of the constitutionality of the Reagan Tokes Law to be not yet ripe for review, sustained Appellant's third assignment of error regarding the trial court's failure to make the requisite findings to impose consecutive sentences, and remanded for further determination of the appropriateness of consecutive sentences

*State v. Waltz,* 5th Dist. Muskingum No. CT2021-0012, 2021-Ohio-3895. This case came before the Ohio Supreme Court. The Ohio Supreme Court reversed this Court's decision finding the issue of constitutionality not ripe for review, and remanded to this Court with instructions to issue a ruling on the constitutionality of the Reagan Tokes Law. *In re Cases Held for the Decision in State v. Maddox*, 2022-Ohio-1352.

I.

**{¶7}** In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

**{¶8}** For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, 2020 WL 7054428, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, and Twelfth Districts, and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, 2020 WL 4919694; *State v. Hacker*, 3rd Dist., 2020-Ohio-5048, 161 N.E.3d 112; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, 2020 WL 4279793; *State v. Delvallie*, 8th Dist., 2022-Ohio-470, 185 N.E.3d 536.

**{¶9}** The first assignment of error is overruled.

II.

**{¶10}** In his second assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

**{¶11}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶12}** Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court.

**{¶13}**  The second assignment of error is overruled.

**{¶14}**  The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur